TYLER R. DOWDALL, State Bar No. 258950
*tdowdall@erlaw.com*
LAURA E. MERRIMAN, State Bar No. 163184
*lmcswiggin@erlaw.com*
**EPPORT, RICHMAN & ROBBINS, LLP**
1875 Century Park East, Suite 800
Los Angeles, California 90067-2512
Telephone: (310) 785-0885
Facsimile: (310) 785-0787

Attorneys for Defendant Specialty Oil Extractors, LLC, a Delaware LLC, erroneously named as Specialty Oil Extractors, LLC, a South Carolina LLC

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

David Wise, an individual,

Plaintiff,

v.

DA SILVA LINING COMPANY, a California LLC; Jeremy Da Silva, an individual; Specialty Oil Extractors, a South Carolina LLC; Nicholas Delfranco, an individual; Does 1 to 10,

Defendant.

CASE NO. 8:21-cv-01877

**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT SPECIALTY OIL EXTRACTORS, LLC, A DELAWARE LIMITED LIABILITY COMPANY, ERRONEOUSLY NAMED AS SPECIALTY OIL EXTRACTORS, LLC, A SOUTH CAROLINA LLC**

**(formerly Orange County Superior Court Case no. 30-2021-01230810-CU-FR-CJC)**

Complaint Filed: November 10, 2021
Removal Filed: November 15, 2021

[*Filed Concurrently with Certificate of Interested Parties and Corporate Disclosure Statement; Notice(s) of Appearance and Civil Cover Sheet]*

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

**NOTICE OF REMOVAL**

Defendant Specialty Oil Extractors, LLC, a Delaware limited liability company, erroneously named as Specialty Oil Extractors, LLC, a South Carolina limited liability company, ("SOE"), hereby removes Orange County Superior Court Case No. 30-2021-01230810-CU-FR-CJC, to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 1332, and as grounds for its removal state as follows:

**I.**

**STATEMENT OF THE CASE**

1. On November 10, 2021, Plaintiff David Wise filed a Complaint in Orange County Superior Court, styled *Wise v. Da Silva Lining Company, LLC., et al.*, bearing case number 30-2021-01230810-CU-FR-CJC (the "State Court Action"). A copy of the Complaint is attached as Exhibit "A" hereto.

2. Defendants Specialty Oil Extractors, LLC, a Delaware limited liability company, erroneously named as Specialty Oil Extractors, LLC, a South Carolina limited liability company, has not been duly served with the Summons and Complaint. However, on Veteran's Day, November 11, 2021, a courtesy copy of the Summons and Complaint was delivered to counsel's office.

3. Da Silva and Da Silva Lining Co., LLC, a California limited liability company, have not been served with the Summons and Complaint.

4. Defendant Nicholas Delfranco has not been served with the Summons and Complaint.

5. The Complaint purports to assert four causes of action: Fraud in the Inducement; Breach of Agreement; Unjust Enrichment; and Specific Performance. Each of Plaintiff's claims is based upon a claim that Wise sought to purchase cannabidiol (CBD) oil from Defendant Delfranco, which was not delivered by SOE.

6. The relief Plaintiff seeks is a return of the funds from SOE in an amount equal to the paid for the CBD oil that he received, processed, and sold, plus

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

$350,000 in punitive damages.

**II.**

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and all of the Defendant SOE, and more than $75,000, exclusive of interests and costs, is at stake.

2. Plaintiff is a resident and citizen of Las Vegas, Nevada.

3. Defendant Jeremy Da Silva is a resident and citizen of California. The citizenship of this defendant should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that there is no possibility that Plaintiff will be able to establish liability against said party because this is a nominal defendant on the basis that at all relevant times Da Silva was an employee of an affiliate and subsidiary of SOE and is not alleged to have engaged in any wrongdoing or fraudulent conduct, and all allegations involve actions taken within the ordinary course and scope of his employment as a sales agent.

4. Defendant Da Silva Lining Company, LLC, is a California limited liability company. The citizenship of this defendant should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that this is a nominal defendant because there is no possibility that Plaintiff will be able to establish liability against said party because at all relevant times Da Silva Lining Company LLC is not alleged to have engaged in any wrongdoing and is only alleged to have acted on behalf of an affiliate and subsidiary of SOE in collecting and disbursing proceeds.

5. Defendant Specialty Oil Extractors, LLC, is a Delaware limited liability company, and citizen of that state. Its primary operations are conducted through a wholly-owned subsidiary, Specialty Oil Extractors Manufacturer, LLC, which is a Delaware limited liability company with its principal place of business in

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

Darlington, South Carolina.

6. Nicholas Delfranco is a resident and citizen of either California, New York, or New Jersey. The citizenship of this defendant should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that Delfranco is a nominal defendant because there is no possibility that Plaintiff will be able to establish liability against said party because Plaintiff fails to allege that Delfranco made any statements or representations, entered into a contract with Plaintiff, or received money from Plaintiff.

7. There is complete diversity between Plaintiff and the Defendants in this action.

8. As set forth herein, Plaintiff requests damages of $124,000, plus punitive damages of $350,000, and unspecified special damages of $1,000,000. Thus, well over $75,000 is in controversy and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

## III.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

1. This Notice of Removal has been filed within 30 days of the date that the State Court Action was filed. Defendants Specialty Oil Extractors, LLC, a Delaware limited liability company, has not yet been duly served with the Summons and Complaint in the State Court Action. Defective service was attempted on counsel for SOE. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court, Central District of California, Southern Division, is the federal judicial district embracing the Orange County Superior Court, California, where the State Court Action was originally filed.

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3-2, a true and correct

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

copy of all of the process, pleadings, orders, and documents from the State Court Action which have been filed are being filed with this Notice of Removal. Defendant SOE will file true and correct legible copies of all other documents on file in the State Court Action, if any.

4. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Orange. A Notice of Compliance shall be filed promptly afterwards with this Court.

5. As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Defendant concurrently filed its Certificate of Interested Parties and Corporate Disclosure Statement.

6. Based on all of the matters discussed above, Removing Defendants remove the above-captioned action to the United States District Court for the Central District of California.

**IV.**

**CONCLUSION**

By this Notice of Removal, Defendant Specialty Oil Extractors, LLC, a Delaware limited liability company, does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this Action. Defendant SOE intends no admission of fact, law, or liability by this Notice of Removal, and expressly reserves all defenses, motions, and/or pleas.

DATED: November 15, 2021 EPPORT, RICHMAN & ROBBINS, LLP

By: */s/ Tyler R. Dowdall*
TYLER R. DOWDALL
Attorneys for Defendant Specialty Oil Extractors, LLC, a Delaware LLC

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

## CERTIFICATE OF SERVICE

**DAVID WISE, an individual v. DA SILVA LINING COMPANY, a California LLC, et al.**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 800, Los Angeles, CA 90067-2512.

On November 15, 2021, I served true copies of the following document(s) described as **NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT SPECIALTY OIL EXTRACTORS, LLC, A DELAWARE LIMITED LIABILITY COMPANY, ERRONEOUSLY NAMED AS SPECIALTY OIL EXTRACTORS, LLC, A SOUTH CAROLINA LLC** on the interested parties in this action as follows:

| | |
|---|---|
| David Wise<br>8545 W. Warm Springs Rd.<br>Ste A4-381<br>Las Vegas, NV 89113<br>Email:<br>drwise@infinitvbrandsinc.com | Plaintiff in pro per |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Epport, Richman & Robbins, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth in this Proof of Service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 15, 2021, at Los Angeles, California.

*/s/ Brooke Genser*
Brooke Genser